[No. 3594.]

Brink v. The State.

1. Constitutional Law — Former Jeopardy in Misdemeanor Cases.— The guaranty given in section 14 of the Bill of Rights against a second jeopardy comprises in express terms such prosecutions only as imperil "life or liberty," as in trials for treason or felony. Nevertheless, the constitutional guaranty against second jeopardy extends to and obtains in prosecutions for misdemeanors also.

2. Sunday Law — Jeopardy — Former Acquittal.— Information charged appellant with selling cigars on Sunday, alleging that he was "a merchant and grocer, and a trader in a lawful business." He pleaded former acquittal, and alleged, in substance, that he had been previously indicted and put upon trial for the identical offense charged in the information, and that after a jury had been impaneled and sworn to try him upon the indictment the court, over his objection, allowed a *nolle prosequi* to be entered, and thereupon dismissed the cause. The defense proved the allegations of this special plea, and as part of the proof introduced the indictment, which de-scribed the accused as a "dealer in the sale of cigars, drugs, etc., the same being a lawful business," but otherwise charged the offense in substantial accordance with the allegations of the information. The trial judge in-structed the jury that the special plea was not sustained by the proof, and that they should not consider that plea. *Held*, that the indictment suffi-

ciently charged appellant with the same offense charged against him in the information, and that the proceedings had under the indictment constituted jeopardy and were tantamount to an acquittal; wherefore it was error for the trial court to instruct the jury to disregard the special plea of appellant. The plea should have been submitted to the jury with instructions to pass upon its truth, as required by article 712 of the Code of Procedure.

APPEAL from the County Court of Robertson. Tried below before the Hon. John E. Crawford, County Judge.

The conviction in this case was for the violation of the " Sunday Law," the indictment charging the appellant, as a trader in a lawful business, with the sale, on a designated Sunday, of " merchandise." The penalty imposed by the verdict was a fine of $20.

In the preceding case of *Moseley* v. *The State, ante,* p. 311, will be found a construction of the statutes under which this prosecution was had.

James Dixon was the first witness for the State. He testified that he lived at Hearne, Robertson county, Texas, and was acquainted with the defendant Brink. On one Sunday, a few days before Christmas, 1884, the witness bought three cigars from the defendant, paying for the same fifteen cents in cash, or five cents each, and giving one to each of two gentlemen who were with him, retaining the other himself. At the time of this purchase the defendant owned and conducted the store in which these cigars were bought, and was at the time a merchant, grocer, dealer and trader in a lawful business. Witness saw the defendant about that store a great deal. He was reputed to be the owner of the cigar store. The cigars were bought in a house on one side of which was conducted a drug-store owned by Dr. Adams. The other side of the house was conducted by the defendant in the sale of cigars and groceries, such as flour, coffee, sugar, etc. The defendant was not interested in the drug side of the store, so far as the witness knew, but owned and directed the business transacted in the other side.

Witness testified against the defendant at the March term, 1885, of this court, in a case wherein he was charged with the sale of a cigar on Sunday. The transaction he swore to on that trial was the same transaction as that he testifies to now, being the only sale on Sunday of cigars by the defendant of which the witness had any knowledge.

J. E. Bishop, one of the counsel for the defense, testified in his behalf that he was present at the March term, 1885, of this court, when defendant was tried for the sale of a cigar on Sunday, and

heard the testimony of the witness James Dixon on that trial.    Dixon testified in that case to the same transaction he has just testified to in this case, and stated then that he knew of no other sale of cigars on Sunday by the defendant; and this witness further testified that the said Dixon was the only witness who testified on the former trial to any sale of a cigar at all by the defendant on Sunday, and was the witness and the only witness upon whom the prosecution relied in that case.    The witness further testified that, on the said former trial, the following proceedings were had: The State and defense announced ready for trial; a jury was selected, impaneled and sworn to try the said case; the county attorney read the indictment to the jury; the State introduced and examined as witnesses James Dixon and one Oliver, and rested; the defense introduced J. E. Bishop and examined him as a witness; the State and the defense closed their respective testimony; the county attorney made his opening argument to the court and jury; the counsel for the defense began argument for the defendant, and was about to proceed to discuss the case, when the State, over the defendant's objection, was permitted by the court to enter a *nolle prosequi* in the case, to which the defendant excepted.

The defense then introduced in evidence the records of the district court of Robertson county for the January term, 1885, showing the transfer to the county court of said Robertson county of indictment in cause No. 2831 on the docket of said district court, which said indictment charged the defendant as a merchant with the unlawful sale of a cigar on December 21, 1884, which said indictment so transferred assumed on the docket of the county court the number 1315.    The said indictment with its indorsements, and the judgment in the county court, authorizing the entry of the *nolle prosequi*, were also introduced.

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant has reached the Reporters.

*J. H. Burts,* Assistant Attorney-General, for the State.

Hurt, Judge.    This is a conviction for selling a cigar to one Jim Dixon on Sunday.

To the information, the defendant pleaded in effect former jeopardy by reason of the fact that he had been indicted for the same offense, and that said indictment had been certified from the district court of Robertson county to the county court of said county, and

that on the 5th day of March, 1885, the case was called for trial; that both parties announced ready for trial; and that, after the jury was impaneled and sworn, and all of the evidence introduced, the county attorney moved to enter a *nolle prosequi* to said case; to which the defendant objected, and, over the objection of the defendant, the court allowed the said county attorney to *nolle prosequi* the same, and that the prosecution was dismissed.

The indictment *nolle prosequied* charged that the defendant was a dealer in the sale of cigars, drugs, etc., the same being a lawful business.

The information describes the defendant as being a merchant and grocer, and a trader in a lawful business.

The evidence shows but one transaction, to wit, the sale of three cigars to Jim Dixon on Sunday.

The first question presented is, could the defendant be legally convicted under the allegations of the indictment for selling the cigars to Dixon on Sunday? The indictment charges that the defendant was a dealer in the sale of cigars and drugs, the same being a lawful business. Now, this indictment does not charge that the defendant was a merchant, grocer, or dealer in wares and merchandise, or a trader in any business, but that he was a dealer in the sale of cigars and drugs. Is the allegation that the defendant was a dealer in the sale of cigars and drugs, the same being a lawful business, equivalent to a charge that he was a trader in a lawful business? We think so, and hence, under the allegations of the indictment, the defendant could have been convicted of the offense charged in the indictment.

Do the principles of jeopardy apply to misdemeanors? Or, in other words, after the parties have announced ready for trial upon a good and sufficient indictment, the jury being impaneled and sworn, and the plea entered, can the State, in misdemeanor, *nolle prosequi* the case, and afterwards prosecute for the offense charged in the indictment, *nolle prosequied?*

It is well settled that this cannot be done in felony cases. How as to misdemeanors? We are not aware that this question has ever been passed upon by the supreme court of this State.

However, upon this subject Mr. Bishop says: "The reader has observed in what words this constitutional provision is expressed, namely, that the offender shall not be twice put in jeopardy of "*life* or *limb*" (Federal Constitution), the construction of which words is that properly the rule extends to treason and all felonies — not to misdemeanors. Yet, practically and wisely the courts have

applied it to misdemeanors also." And in *McCauley* v. *The State*, 26 Ala., 135, Judge Rice discusses this question elaborately, and, as we think, conclusively, showing that the constitutional provision which protects the citizen from being twice put in jeopardy applies to misdemeanors as well as felonies.

In regard to the defendant's special plea, the court charged the jury as follows: "The jury are charged that the evidence introduced fails to sustain the defendant's plea of former acquittal, and that the judgment of the court, entering a *nolle prosequi* of the former case at the March term of this court, is not an acquittal, and you will not consider the defendant's plea of former acquittal."

We suppose this charge was inspired by a supposed variance between the indictment and information; that is, that the indictment did not contain the proper allegations upon which to convict the defendant of selling to Dixon the cigars, and that, therefore, the *nolle prosequi* of a case under a bad indictment could not, under any circumstances, constitute a bar to a subsequent prosecution for the same offense.

We hold, however, that under the indictment *nolle prosequied* the defendant could be convicted of the offense charged in the information, and hence, if the plea was otherwise established by proof, it should have prevailed.

Was it established by the evidence? Beyond any sort of doubt. Dixon swears that it was the same Sunday and the same purchase. Of this there is no question. We are of the opinion that the court erred in the charge above quoted, and that the special plea of the defendant should have been submitted to the jury with instructions to pass upon its truth just as is required by the Code.

Because of the error in the charge of the court, and because the defendant's plea of jeopardy was withdrawn from the consideration of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

[Opinion delivered June 3, 1885.]